UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JONATHAN WRIGHT (D-4),

        Defendant.

_____/

Case No. 17-20022

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [328] [339]**

Defendant Jonathan Wright is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Elkton in Ohio. The matter is before the Court on Defendant's pro se letter motions for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkts. 328, 339.) The government opposes Defendant's request. (Dkt. 336.) The Court finds that the facts and legal arguments are adequately presented in the motions and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motions will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motions.

**I.    Background**

This case stems from Defendant's association with the Detroit street gang, "Head Niggas in Charge" or "HNIC." (*See* dkt. 80.) A number of HNIC members were charged with, and later convicted of, various racketeering and firearm offenses in connection with a murder conspiracy and two shootings aimed at a rival and members of his family. Videos from Defendant's cell phone reflected that Defendant showed fellow gang

1

member, Antoine Woods, a location across from a hair salon associated with the family of their rival from which he could shoot at the salon.  Woods then engaged in target practice while being recorded by Defendant.  Defendant and Woods discussed Woods' intent to return to the spot and shoot at the salon when it was occupied by the rival and his family, and Defendant expressed verbal agreement and support for Woods' plan.

On February 28, 2018, Defendant pled guilty to conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6). (Dkt. 80.)  And on June 14, 2018, the Court sentenced Defendant to a term of 30 months of imprisonment.  (Dkt. 115.)  Defendant is currently serving this sentence, which has an anticipated end date of September 16, 2020.  He will then begin serving a 60-month sentence imposed by the Honorable Judith E. Levy in case no. 17-20334 for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  His projected release date is December 20, 2024.

Defendant submitted a request for compassionate release to the Warden at FCI Elkton on March 31, 2020.  (Dkt. 339, PgID 5161.)  That request was subsequently denied.  (*Id.* at PgID 5162.)  Defendant now moves for his release based on the health concerns associated with the COVID-19 pandemic.  Defendant notes he has asthma and discusses the difficulties in social distancing at his facility as well as the severity of the outbreak there.  Defendant's requests have been docketed in both this case and case no. 17-20334.

The government opposes the relief requested.  The government also notes that even if the Court were to reduce Defendant's sentence in this case, it cannot order his release because of the sentence imposed by Judge Levy that Defendant has not yet

begun serving. The Court agrees and considers Defendant's request only to the extent he seeks a reduction of the 30-month sentence imposed in this case.

## II. Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government concedes that Defendant has satisfied the exhaustion requirement in this case. The government argues, however, that Defendant has failed to establish extraordinary and compelling reasons warranting a sentence reduction.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release: (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as

3

the catch-all provision. *See* U.S.S.G. § 1B1.13, commentary n.1. The medical condition category includes cases where "[t]he defendant is—(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, commentary n.1(A)(ii).

The government notes that Defendant is 29 years old. And while Defendant's medical records reflect he has asthma and was prescribed an inhaler upon his arrival at FCI Elkton in 2018, he never picked up that inhaler. (*See* dkts. 337-1, 337-2, filed under seal.) Thus, it appears his asthma is mild. But even if Defendant has a severe form of asthma, it is unclear whether this medical condition places him at a higher risk for severe illness from the virus. *See* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (stating that people with moderate-to-severe asthma "*might* be at an increased risk for severe illness from COVID-19") (emphasis added). Moreover, Defendant's medical records indicate that he tested positive for COVID-19 on May 26, 2020 and had recovered by June 12, 2020. (*See* dkt. 337-3, filed under seal.) Thus, even if Defendant has a heightened risk for severe illness from the virus, that risk did not manifest itself when Defendant contracted the virus. And while it is unclear whether a person can be re-infected with COVID-19, patients infected with other similar viruses are unlikely to be re-infected shortly after they recover. *See* Transmission, FAQs, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html. In sum, Defendant has not met his burden of establishing that there are extraordinary and compelling reasons

warranting a sentence reduction. And even if Defendant could meet this burden, the Court would not grant him the relief he seeks.

Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Also, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. See § 3582(c)(1)(A). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. See § 3553(a).

Here, Defendant's underlying crime is serious. While Defendant was not present in any of the shootings perpetrated by HNIC members, he associated with a violent gang and participated in a conspiracy to shoot a rival. And as evidenced by Defendant's plea in the case before Judge Levy, Defendant also possessed firearms in connection with drug trafficking. (See case no. 17-20334, dkt. 26.) In sum, the Court finds that a sentence reduction would not be consistent with the § 3553(a) factors.

### III. Conclusion

Based upon the foregoing, Defendant's motions for relief under § 3582(c)(1)(A) are DENIED.

SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: August 14, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>Case Manager